[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10313
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cr-20518-JEM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEE JONES SIMON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 22, 2018)

Before MARCUS, ROSENBAUM, and BRANCH, Circuit Judges.

PER CURIAM:

Lee Jones Simon appeals his 37-month sentence imposed after pleading guilty to possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g).[1]  Florida law enforcement discovered the firearm in a closet when executing a search warrant on Simon's apartment in connection with a separate investigation.  Simon argues that the district court should have granted his motion for a downward departure[2] and that the sentence imposed was substantively unreasonable because the district court presumed that the Guidelines range was proper without adequately considering the following mitigating factors raised below: (1) that his felony conviction occurred 17 years ago, and he had turned his life around since then, and (2) that he suffers from bad health.  After thorough review of the record, we affirm.

We review the reasonableness of a sentence under the deferential abuse-of-discretion standard.  Gall v. United States, 552 U.S. 38, 41 (2007).  The appellant bears the burden of showing that the sentence is unreasonable in light of

---

[1]  Simon was previously convicted of armed carjacking in 2001 and sentenced to four years in prison.

[2] To the extent Simon seeks to appeal the denial of his motion for a downward departure, we lack jurisdiction to review a district court's decision to deny a motion for a downward departure where, as in this case, the district court merely exercised its discretion to deny the motion and was not operating under the mistaken belief that it lacked the authority to grant a departure.  United States v. Dudley, 463 F.3d 1221, 1228 (11th Cir. 2006) ("We lack jurisdiction to review a district court's decision to deny a downward departure unless the district court incorrectly believed that it lacked authority to grant the departure.").

2

the record and the sentencing factors of 18 U.S.C. § 3553(a).  United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010).

The district court may not presume that a sentence within the Guidelines range is reasonable; instead, to determine the appropriate sentence, the district court must make an individualized assessment based on the facts of the case.  Gall, 552 U.S. at 50.  The district court is required to impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes set forth in [§ 3553(a)(2),]" including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, and protect the public from future crimes of the defendant.  18 U.S.C. § 3553(a)(2).  In determining the appropriate sentence, the district court must consider a variety of factors, including (1) the nature and circumstances of the offense, (2) the history and characteristics of the defendant, (3) the kinds of sentences available, (4) the applicable sentencing guidelines range and pertinent policy statements of the Sentencing Commission, (5) the need to avoid unwarranted sentencing disparities, and (6) the need to provide restitution to victims.  Id. § 3553(a).  "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court."  United States v. Clay, 483 F.3d 739, 743 (11th Cir. 2007) (quoting United States v. Williams, 456 F.3d 1353, 1363 (11th Cir. 2006)).  We will vacate a sentence as substantively unreasonable only if "we 'are left with the

3

definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case.'" United States v. Irey, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quoting United States v. Pugh, 515 F.3d 1179, 1191 (11th Cir. 2008)).

Prior to sentencing, the probation office prepared a presentence investigation report, which indicated that Simon's total base offense level under the Sentencing Guidelines was 19. Simon's criminal history category was III, based on a 2001 conviction for armed carjacking and a 2009 misdemeanor conviction for possession with intent to sell, manufacture, or deliver marijuana. This resulted in an advisory Guidelines range of 37 to 46 months' imprisonment. The statutory maximum term of imprisonment was 10 years. 18 U.S.C. § 924(a)(2).

Simon filed a motion for a downward departure, pursuant to U.S.S.G. § 4A1.3(b),[3] arguing that his criminal history was significantly overrepresented because it was based on older convictions, the most serious of which occurred over 17 years prior, and, therefore, a downward departure was appropriate. He also argued that a departure was warranted because he was not carrying, brandishing, or firing the firearm during the present offense, and merely had it stored in his closet.

---

[3] Section 4A1.3(b) provides that "if reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, a downward departure may be warranted." U.S.S.G. § 4A1.3(b)(1).

At sentencing, Simon's counsel reiterated this argument, the court inquired what an appropriate sentence would be, and Simon's counsel urged the court to impose a sentence in the 10 to 16 month range. The government argued that, although the offenses may have occurred "a long time ago," the Sentencing Guidelines correctly reflected Simon's criminal history and there was no reason to depart from the advisory Guidelines range.

The district court noted that, although Simon's convictions may have been older, in the past 17 years, Simon had 13 arrests. And, although those cases were nolle prossed or otherwise dismissed, it still reflected that Simon had engaged in concerning conduct. Additionally, the district court noted that it was troubled by the fact that Simon's reported work history indicated that he made at most $200 a month, but at the time the firearm was discovered in his closet, Simon also had a duffel bag containing over $70,000 in cash. The district court noted that, even accepting that $36,000 of this belonged to Simon's father and Simon "was just holding it for his dad," it was still troubling. The district court also noted that it did not matter that Simon was not actively carrying, using, or brandishing the firearm because as a convicted felon he was not supposed to possess it at all. The district court stated that it had considered the advisory Guidelines range, and all of the § 3553(a) factors, as well as mitigating evidence in the form of letters of support written by Simon's family members. The district court also considered Simon's

own statement at sentencing that he had accepted responsibility for his actions, had been doing the best he could, was not a risk to society, was in bad health, and was very sorry for his actions.  In light of all those considerations, the district court found that a 37-month sentence at the bottom of the Guidelines range was reasonable.

Simon cannot show that his sentence is substantively unreasonable.  The district court did not presume that a sentence within the advisory Guidelines range of 37 to 46 months' imprisonment was proper.  Instead, in determining the appropriate sentence, the district court considered not only the advisory Guidelines range, but also the age of Simon's prior convictions, his personal history and characteristics, the § 3553(a) factors, the arguments made by the parties, and the mitigating evidence.  The district court expressed its concerns and reasons for not imposing a sentence below the Guidelines range, which were supported by the record.  Furthermore, the sentence is within the Guidelines range and is well below the statutory maximum, both of which are additional indicators of reasonableness. United States v. Asante, 782 F.3d 639, 648 (11th Cir. 2015) ("[W]e will 'not automatically presume a sentence within the [G]uidelines range is reasonable,' but we 'ordinarily expect a sentence within the Guidelines range to be reasonable.'" (quoting United States v. Hunt, 526 F.3d 739, 746 (11th Cir. 2008)); United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008) (holding that the

6

sentence was reasonable in part because it was well below the statutory maximum).

Accordingly, the district court did not abuse its discretion in imposing a 37-month

sentence, and we affirm.

**AFFIRMED.**